**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| **GLOBAL CROSSING ESTATE REPRESENTATIVE, FOR ITSELF AND AS THE LIQUIDATING TRUSTEE OF THE GLOBAL CROSSING LIQUIDATING TRUST,** | **Civil Action No. 06 CV _____** |
| **Plaintiff,** | |
| **v.** | |
| **CIBC CAPITAL PARTNERS (CAYMAN) NO. 3, CIBC WG ARGOSY MERCHANT FUND 3 LP, CO-INVESTMENT MERCHANT FUND LLC, CARAVELLE INVESTMENT FUND, LLC, J. BLOOM CORPORATION, D. KEHLER CORPORATION, B. RABEN CORPORATION, J. LEVINE CORPORATION, W. PHOENIX CORPORATION, A. HEYER CORPORATION, M. MONELLO CORPORATION, L. WAGNER CORPORATION, E. LEVY CORPORATION, B. SPOHLER CORPORATION, W. McLALLEN CORPORATION, K. READ CORPORATION, B. GERSON CORPORATION, K. MAGID CORPORATION, T. MURPHY CORPORATION, M. DALTON CORPORATION, N. WIESENBERG CORPORATION, EJ PIPKIN CORPORATION, J. BUDISH CORPORATION, J. ROSS CORPORATION, P. DANIELS CORPORATION, E. MALLY CORPORATION, H. NOEDING CORPORATION, N. THOMAS CORPORATION, L. DEBAUGE CORPORATION, A. WOOLFORD CORPORATION, N. WESSAN CORPORATION, S. SHAPIRO CORPORATION and J. MOGLIA CORPORATION,** | **Adversary Proceeding No. 06-01550 (REG)** |
| **Defendants.** | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO WITHDRAW BANKRUPTCY REFERENCE**

**Preliminary Statement**

Plaintiff Global Crossing Estate Representative, For Itself And As The Liquidating

Trustee Of The Global Crossing Liquidating Trust (the "Estate Representative") moves the

Court, pursuant to Federal Rule of Bankruptcy Procedure 5011 and 28 U.S.C. § 157(d) to

withdraw the bankruptcy reference in the above-captioned adversary proceeding.


**PROCEDURAL BACKGROUND AND PARTIES**

On January 28, 2002, Global Crossing Ltd. ("GX") and fifty-four of its debtor

subsidiaries filed voluntary petitions in the United States Bankruptcy Court for the Southern

District of New York (" Bankruptcy Court") for relief under Chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On August 30,

2002, twenty-three of GX's debtor subsidiaries filed voluntary petitions for relief under chapter

11 of the Bankruptcy Code (GX and all of its debtor subsidiaries are collectively referred to

hereinafter as the "Debtors").

On September 16, 2002, the Debtors filed their Joint Plan of Reorganization Under

Chapter 11 of the Bankruptcy Code (the "Plan").  The Plan was confirmed by an order dated

December 26, 2002 (the "Confirmation Order") and became effective on December 9, 2003.

Pursuant to the terms of the Plan (including Section 5.8 thereof), the Confirmation Order

and the Liquidating Trust Agreement dated as of December 9, 2003 (the "Liquidating Trust

Agreement"), the Liquidating Trust was established for the purpose of liquidating the Debtors'

assets for the benefit of the Debtors' creditors who hold Allowed Claims in Classes C, D, E, and

F.  The assets of  the Liquidating Trust consist of, among other things, certain causes of action

(as defined in the Plan, the "Estate Representative Claims") transferred by the Debtors to the

Liquidating Trustee free of all claims, liens and encumbrances.

Pursuant to the terms of the Plan (including section 5.8 thereof), the Confirmation Order

and the Liquidating Trust Agreement, the Estate Representative, consisting of five individuals,

was designated to, among other things, act as Liquidating Trustee as to prosecute the Estate

Representative Claims in the name of the Estate Representative.

On January 27, 2004, the Estate Representative filed an adversary proceeding in the

Bankruptcy Court, captioned *Global Crossing Estate Representative v. Winnick, et al*., 04 Civ.

02137 (REG) (the "January 27, 2004 Complaint").

On May 19, 2004, the United States District Court for the Southern District of New York

entered an order withdrawing the bankruptcy reference with respect to the January 27, 2004

Complaint, *Global Crossing Estate Representative v. Winnick et al*., 04-02137 (REG).  That

action is now pending before Judge Gerard E. Lynch in the District Court under the caption

*Global Crossing Estate Representative v. Winnick et al*., 04 Civ. 02558 (GEL).

On May 19, 2005, the Estate Representative filed another adversary proceeding (the

"May 19, 2005 Complaint") against defendants Continental Casualty Company, CIBC Wood

Gundy Capital (SFC) Inc., CIBC Oppenheimer Corp. and CIBC World Markets Corp.

On July 26, 2005, the United States District Court for the Southern District of New York

(the "District Court") entered an order withdrawing the bankruptcy reference with respect to the

May 19, 2005 Complaint, and permitting the Estate Representative to file a consolidated

amended complaint. The Consolidated Amended Complaint seeks various forms of monetary

and equitable relief, including disgorgement of defendants' profits from alleged insider sales of

GX stock.

On June 20, 2006, the Estate Representative filed in the United States Bankruptcy Court another adversary proceeding (the "June 20, 2006 Complaint") against defendants CIBC Capital Partners (Cayman) No. 3, CIBC WG Argosy Merchant Fund 3 LP, Co-Investment Merchant Fund LLC, Caravelle Investment Fund, LLC, J. Bloom Corporation, D. Kehler Corporation, B. Raben Corporation, J. Levine Corporation, W. Phoenix Corporation, A. Heyer Corporation, M. Monello Corporation, L. Wagner Corporation, E. Levy Corporation, B. Spohler Corporation, W. McLallen Corporation, K. Read Corporation, B. Gerson Corporation, K. Magid Corporation, T. Murphy Corporation, M. Dalton Corporation, N. Wiesenberg Corporation, EJ Pipkin Corporation, J. Budish Corporation, J. Ross Corporation, P. Daniels Corporation, E. Mally Corporation, H. Noeding Corporation, N. Thomas Corporation, L. Debauge Corporation, A. Woolford Corporation, N. Wessan Corporation, S. Shapiro Corporation and J. Moglia Corporation.

The June 20, 2006 Complaint seeks various forms of relief, including disgorgement of defendants' profits from alleged insider trading in GX stock, imposition of a constructive trust and an accounting. The June 20, 2006 Complaint alleges defendants knowingly traded on the basis of material, non-public information received from GX directors and corporate insiders, in what defendants knew constituted a breach of their fiduciary duties to GX.

The claims and underlying facts contained in June 20, 2006 Complaint substantially overlap with claims asserted in the Consolidated Amended Complaint in *Global Crossing Estate Representative v. Winnick et al.*, 04 Civ. 02558 (GEL).

This motion seeks permission of the District Court to withdraw the bankruptcy reference as to the June 20, 2006 Complaint.

## ARGUMENT

The above-captioned adversary proceeding brought by the Global Crossing Estate

Representative alleges defendants improperly profited from insider trading in GX shares. In the

adversary proceedings currently pending in the District Court before Judge Lynch, the Global

Crossing Estate Representative alleges substantially similar claims. In each adversary

proceeding, the Estate Representative alleges that, *inter alia*, GX directors and corporate insiders

breached their fiduciary duties, enriching the defendants. The Estate Representative seeks

various remedies, including disgorgement of the defendants' profits.

Withdrawing the reference to this adversary proceeding is proper and permissible at the

discretion of the District Court pursuant to 28 U.S.C. §§ 157(d), which states:

> The district court may withdraw, in whole or in part, any case or
> proceeding referred under this section, on its own motion or on
> timely motion of any party, for cause shown.

As noted, the claims asserted are similar to those being litigated before the District Court

in the  pending adversary proceedings.  Thus, considerations of judicial efficiency weigh in favor

of withdrawing the bankruptcy reference to this related adversary proceeding.  *See In re Orion*

*Pictures Corp.*, 4 F. 3d 1095, 1101 (2d Cir. 1993) ("District courts in this circuit have considered

a number of factors in evaluating cause:… [including] considerations of efficiency, prevention of

forum shopping, and uniformity in the administration of bankruptcy law.").

4

**CONCLUSION**

The motion by the Global Crossing Estate representative for an order withdrawing the

bankruptcy reference with respect to the above-captioned adversary proceeding should be

granted.

Dated: New York, New York
      August 23, 2006

                                    Respectfully submitted,

                                    **ENTWISTLE & CAPPUCCI LLP**

                    By:    /s/ Andrew J. Entwistle

                      Andrew J. Entwistle (AE-6513)
                      Harold F. McGuire, Jr. (HM-2440)
                      Arthur V. Nealon (AN-0629)
                      Helen Chung (HC-3552)
                      280 Park Avenue, 26th Floor
                      New York, NY 10017
                      (212) 894-7200

                      ***Attorneys for Global Crossing Estate***
                      ***Representative, for Itself and As The***
                      ***Liquidating Trustee of the Global***
                      ***Crossing Liquidating Trust***